Charles P. Ayers, Jr., Esq. Town Attorney, Tioga
On June 3, 1980, we issued an opinion to you concluding that a town is without authority to regulate transportation of nuclear materials on State highways situated in the town. That conclusion was based upon specific provisions of the Vehicle and Traffic Law severely restricting local regulations on "State highways maintained by the State" and on "controlled access State highways". These provisions remain unchanged.
We did not mean to imply, however, that under State law there is no authority for local regulation of the transportation of nuclear materials on other highways in towns. While there is no specific authority for the regulation of nuclear materials by towns, section 1660(25) of the Vehicle and Traffic Law authorizes towns to:
 "Adopt such additional reasonable ordinances, orders, rules and regulations with respect to traffic as local conditions may require subject to the limitations contained in the various laws of this state."
A similar authorization exists for cities and villages (Vehicle and Traffic Law, § 1640[16]).
In People v Grant, 306 N.Y. 258 (1954), former section 90(4) of the Vehicle and Traffic Law was construed. It appears, in view of the similarity of language, that current sections 1640(16) and 1660(25) of the Vehicle and Traffic Law derive from former section 90(4). Section 90(4) authorized the local legislative body:
 "to make, enforce and maintain such additional reasonable ordinances, rules and regulations with respect to traffic, respectively in such city, or village, or in such town outside of any villages therein and not including state highways maintained by the state therein, as special local conditions may require, * * *." (306 N.Y. 258, 262)
In People v Grant, the validity of a town ordinance prohibiting certain "through or transient vehicular traffic" on streets within a particular area was in question. The issue was whether the traffic ordinance was "reasonable" under the delegation of power contained in section 90(4) (306 N.Y. 258, 262). Section 90 also included several specific authorizations for local traffic regulation. The Court of Appeals described the legislative intent of subdivision 4 as follows:
 "The underlying thought of subdivision 4 appears to have been that by conferring these express powers, it was not meant to limit the generality of the grant of power to adopt such additional reasonable ordinances, rules and regulations as special local conditions might require. Nevertheless, the reasonableness of such additional local enactments or directives may be evaluated and measured by comparing them with the particular powers that were delegated expressly by the other subdivisions. * * *" (306 N.Y. 258, 263)
The Court concluded that the ordinance's prohibition of all-through traffic in a certain area was more severe than the other regulations permitted by section 90:
 "The difference is so great that it cannot be said that power to enact this ordinance parallels any of the other powers granted to local authorities by section 90." (Ibid.)
It seems clear from the discussion in People v Grant that additional regulations necessitated by local conditions are permissible under section 1660(25) of the Vehicle and Traffic Law. It is conceivable that local conditions in a municipality will justify regulation of the transportation of nuclear materials. A judgment must be made whether local conditions justify regulation and whether the proposed regulation is reasonable.
In January 1981 the U.S. Department of Transportation ("DOT") issued regulations governing the routing of radioactive materials by highway,46 Fed. Reg. 5298 (January 19, 1981). Those regulations permit such materials to be transported on interstate highways and purport to override all State and local restrictions (including prenotification requirements) that would interfere with such shipments (see the Hazardous Materials Transportation Act, 49 U.S.C. § 1811[a]).
The DOT regulations were challenged by the City and State of New York inCity of New York v United States Department of Transportation,539 F. Supp. 1237 (SDNY, 1982). The Court ruled in favor of the City and State in finding that the DOT regulations are invalid insofar as they would preempt State or local bans on shipment of spent fuel and other large quantity shipments through New York City and other "densely populated areas" and decided to uphold only local bans — such as the virtual ban enacted by New York City — but not other kinds of restrictions. (A copy of the Court's judgment, dated May 5, 1982, and the pages of the Court's opinion explaining it, are enclosed.) In signing this judgment, the Court failed to expand its ruling to cover rural areas or to identify densely populated areas, as the State had urged. (The State's suggestions to the Court on the proposed judgment were contained in a letter of March 22, 1982, a copy of which is enclosed.) The Court did not decide one way or the other with respect to non-urban areas or prenotification requirements. DOT and the nuclear industry have appealed the ruling to the United States Court of Appeals for the Second Circuit.
Under the Court order, DOT is enjoined from enforcement of its regulations to override the ban by New York City and a ban by other areas, upon application to DOT, by other areas showing "(1) that overriding its ban would result in road transport of such materials through areas in the range of population densities for which DOT's analysis of high consequence accidents is inadequate and (2) that an alternative to road transport exists that, from the evidence available, appears to be feasible and potentially safer than road transport" (May 5, 1982 Court judgment). However, other jurisdictions are not precluded from bringing their own actions challenging the Federal regulations and would not be bound by the rationale in the City of New York decision.
We conclude that section 1660(25) of the Vehicle and Traffic Law, which authorizes local governments to adopt reasonable traffic regulations where required by local conditions, conceivably might justify regulation of the transportation of nuclear materials to the extent that regulation is not preempted by the Federal government.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.